T. & P. R. R. Co. v. Alice Evans et al.

(No. 5355.)

Evidence — Deposition.— Bill of exceptions necessary on ruling of court to reject them.

Appeal from Tarrant county. Opinion by Walker, P. J.

Statement.— This is a suit by Alice Evans, on behalf of herself as surviving wife of Jeptha Evans, and Cammie

Evans and Elmer Evans, alleged to be the minor children of said Jeptha Evans, and also on behalf of Martha Evans, the surviving mother of said Jeptha Evans, to recover damages resulting to them by reason of the death of said Jeptha Evans, which occurred November 10, 1882, while a passenger on defendant's cars, through the negligence of the defendant's servants in calling out Ft. Worth station before it was reached, and inducing thereby said Jeptha Evans to go to the step of said car for the purpose of getting off, and then by suddenly starting said train, causing the car to throw him to the ground, and running over him, producing injuries of which he died.

Plaintiffs claim actual damages $15,000 and exemplary damages $10,000. Defendant pleaded general and special demurrer, general issue and plea of contributory negligence. The general demurrer was overruled, and the special exception sustained to that part of the petition setting up exemplary damages. The case was tried by a jury, resulting in a verdict and judgment in favor of plaintiffs for $5,000 and costs, from which this appeal is prosecuted.

All the grounds of error assigned, save one, relate to the charge given by the court. The main charge was as follows: "If the said Jeptha Evans was a passenger on defendant's railroad and paid fare, and in reaching the station of his destination and in attempting to get off the train he was thrown down and killed, and this was caused by the negligence or failure of duty upon the part of the defendant, its agents and servants, the plaintiffs are entitled to recover, unless the said Jeptha Evans by his own negligence or want of care so far contributed to the accident as to deprive him of any remedy." The fault or negligence on the part of said Jeptha Evans, which would preclude plaintiffs from a recovery, if there was negligence both upon his part and the part of the defendant, its agents or servants, is not the least degree of fault or negligence, but it must be of such a degree as to amount to a want of ordinary or reasonable care on his part, under the circumstances at the

time of the injury. "By ordinary care is meant that degree of care which may be reasonably expected of a person in the situation of the said Jeptha Evans at the time he is alleged to have been killed."

"A railroad company, in the conduct and management of its trains, is required to employ skilful and competent agents and to use such means and foresight in providing for the safety of passengers as persons of the greatest care and prudence usually exercise in similar cases; and should an injury result to a passenger from a failure to use such a degree of care and prudence, the company will be responsible for such injury, unless it appears that the passenger so injured, by the use of ordinary care and prudence usually exercised by persons of ordinary caution in his condition and circumstances, could have avoided the injury. But a railroad company is not liable for an injury to a passenger which is the result of a mere accident or casualty, where there is no want of care or skill on the part of the company or its agents." "But the plaintiffs cannot recover, notwithstanding there may have been negligence on the part of the defendant, or its agents, which contributed to the accident, if the said Evans, by want of ordinary care and by his own voluntary acts, so far himself contributed to the accident that but for this fact it would not have happened. If, however, the defendant, or its agents, could, by ordinary care, have avoided the consequences of plaintiff's negligence or want of caution, or by the direct act of its servants caused the act which produced the injury, plaintiff would then be entitled to recover."

"The question is, Were the circumstances under which the act was performed in which the said Evans was injured such as to show a want of ordinary care and caution on his part (as explained)? If so, plaintiff cannot recover, whatever may have been the negligence of the defendant, its agents or servants. But if a man of ordinary care and caution would have acted as he did under the circumstances, considering the acts of the company's agents, and his death

was caused by the negligence or careless conduct or failure of duty on the part of defendant, its agents or servants, as above explained, plaintiffs should recover." The court charged the jury at the instance of defendant (among other things) "that the burden is upon the plaintiff to prove the acts of negligence charged against defendant, whereby the death of Jeptha Evans was caused."

OPINION.— There being no bill of exceptions taken to the ruling of the court overruling defendant's motion to suppress the depositions of Mrs. Evans, the error complained of is, therefore, not the subject of revision on this appeal. See rules 55 and 69 for the district court, 47 Tex., 627, 629.

Held, the law of the case was fully and clearly given to the jury and verdict is supported by the evidence, and therefore the judgment is

AFFIRMED.